JON L. NEAMES & THADYS M. NEAMES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent JIMMIE R. COLE & VIVIAN E. COLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Neames v. Commissioner
Docket Nos. 10386-76, 1106-77.
United States Tax Court
T.C. Memo 1978-284; 1978 Tax Ct. Memo LEXIS 228; 37 T.C.M. (CCH) 1199; T.C.M. (RIA) 78284; July 26, 1978, Filed Jon L. Neames, Thadys M. Neames, Jimmie R. Cole, and Vivian E. Cole, pro se. Alan H. Kaufman, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: In these consolidated cases, respondent determined deficiencies in petitioners' 1972 Federal income *229 tax as follows: Docket No.
Deficiency
10386-76
$ 570.00
1106-77
690.14
The sole issue remaining for our decision is whether Jon L. Neames and Thadys M. Neames or Jimmie R. Cole and Vivian E. Cole are entitled to dependency exemptions for the four children born of the marriage of Vivian E. Cole and Jon L. Neames. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulations of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioners Jon L. Neames and Thadys M. Neames are husband and wife, whose residence was in Baton Rouge, Louisiana, at the time of filing their petition herein. Petitioners Jimmie R. Cole and Vivian E. Cole are husband and wife, whose residence was in Baton Rouge, Louisiana, at the time of filing their petition herein. Both couples filed joint Federal income tax returns for 1972. Jon L. Neames and Vivian E. Cole were divorced in April 1971. They are the parents of Jon, David, Susan, and Carol Neames (the children). The four children of the marriage lived with their mother during 1972. She married Jimmie R. Cole in April 1972. In 1972, pursuant *230 to the Judgment of Divorce rendered by the Family Court of East Baton Rouge Parish, Louisiana, Jon L. Neames paid of total of $ 2,500 in child support for Jon, David, Susan, and Carol. In addition, he expended a total for the year of $ 12.50 per child for food during weekend visits and $ 23 per child for Christmas and birthday gifts. Thus, the total amount expended by him for child support in 1972 was $ 660.50 for each child. The following table shows the amounts expended for the support of the four children by Vivian and Jimmie Cole during 1972: [1] Item
Jon
David
Susan
Carol
Rent
$ 275.00
$ 275.00
$ 275.00
$ 275.00
Trailer lot
10.00
10.00
10.00
10.00
Fod
400.00
400.00
400.00
400.00
Utilities
115.92
115.92
115.92
115.92
Doctor & dentist
bills
62.00
59.00
101.50
17.50
Medical insurance
11.10
11.10
11.10
11.10
Clothes
225.00
225.00
260.00
125.00
Allowance
52.00
52.00
52.00
0
Church offering
2.50
2.30
2.05
0
School supplies,
lunches, pictures
82.75
82.75
82.75
0
Baton lessons
0
0
9.75
0
Book club
0
0
9.90
0
Recreation
55.00
55.00
10.00
0
Transportation
50.00
50.00
50.00
50.00
Gifts
60.00
60.00
60.00
60.00
Child care
24.00
24.00
24.00
200.00
TOTAL
$ 1,425.27
$ 1,422.07
$ 1,473.97
$ 1,264,52
Less: Support
payments from
Jon L. Neames [2]
625.00
625.00
625.00
625.00
NET TOTAL
$ 800.27
$ 797.07
$ 848.97
$ 639.52
*231 Jon and Thadys Neames and Jimmie and Vivian Cole claimed the four children as dependents on their 1972 returns. Neither the decree of divorce nor any written agreement made provision for the allocation of dependency exemptions. Respondent disallowed the exemptions claimed on both returns. OPINION The sole issue for our decision is whether Jon and Thadys Neames or Jimmie and Vivian Cole are entitled to dependency exemptions for Jon, David, Susan, and Carol Neames. Since Jon Neames, the non-custodial parent, provided over $ 1,200 for the support *232 of the four children, the burden of proof is on Vivian Cole, the custodial parent, to show by a clear preponderance of the evidence that she provided more support for each child than he did. Section 152(e)(2)(B); [3], affd. per curiam . The evidence of support from the Coles consists primarily *233 of the testimony of Jimmie Cole, although there is also some documentary evidence. Jon and Thadys Neames attack the claimed expenditures of Jimmie and Vivian Cole on the ground that they have not provided cancelled checks, receipts, or other documentary evidence for many of their claimed expenditures. They fail, however, to recognize that most of the expenditures for which there is no documentary evidence are expenditures for which even the most diligent record keeper would be unlikely to have records. See . We have evaluated the testimony of Jimmie Cole, whom we found to be a credible witness, in light of the entire record and in light of our own experience with the "mainsprings of human conduct." . As our findings of fact show, Jimmie and Vivian Cole are entitled to dependency exemptions for Jon, David, and Susan, and Jon and Thadys Neames are entitled to a dependency exemption for Carol. Decisions will be entered under Rule 155.
Footnotes
1. There is some evidence that Jon Neames' mother provided some support for each of the children, but the amount is not significant, and, in any event, it is clear that the statutory requirement that the parents provide more than one-half the support has been satisfied. See section 152(e)(1). (All section references herein are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year at issue.) ↩
2. In addition to these amounts, Jon L. Neames expended $ 35.50 in each year for the support of each child, bringing his total support for each child for each such year to $ 660.50. See p. 3, supra.↩
3. Section 152(e)(2)(B), during the year at issue, provided as follows: SEC. 152. DEPENDENT DEFINED. * * *
(e) Support Test in Case of Child of Divorced Parents, Et Cetera. -- * * *
(2) Special rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- * * *
(B)(i) the parent not having custody provides $ 1,200 or more for the support of such child (or if there is more than one such child, $ 1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. * * *↩